**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

S. DAVID STEINMETZ,

Plaintiff - Appellant,

v.

EXXONMOBIL OIL CORPORATION; et al.,

Defendants - Appellees.

No. 10-55446

D.C. No. 3:08-cv-01635-JM-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

S. David Steinmetz appeals pro se from the district court's judgment

dismissing his action alleging, among other claims, violations of the Fair Debt

Collection Practices Acts ("FDCPA"), the Fair Credit Reporting Act ("FCRA"),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and California law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for ExxonMobil Oil Corporation on the FCRA claim because, contrary to Steinmetz's contention otherwise, whether a defendant is a "furnisher of credit information" is not a moot point. Only "furnishers" can be held liable under 15 U.S.C. § 1681s-2(b), *see Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009), and Steinmetz failed to dispute ExxonMobil's evidence that it was not a furnisher of credit information.

The district court properly dismissed Steinmetz's FCRA claims as to Citibank (South Dakota), N.A. and GE Money Bank, F.S.B. because Steinmetz failed sufficiently to allege in his third amended complaint that Citibank and GE were furnishers who had received notice of the dispute from a credit reporting agency. *See id*. at 1154 (furnisher's duties under the FCRA "arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)").

The district court properly dismissed Steinmetz's FDCPA claim because Steinmetz failed sufficiently to allege that defendants were "debt collectors." 15 U.S.C. § 1692a(6) (defining debt collector as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").

Steinmetz's remaining contentions, including those concerning discovery and his defamation claims, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

10-55446